UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

RECEIVED
1300 CLERK, GREENVILLE SC
2022 APR -8 PM 1:0_

Leonard Brown
   Plaintiff

V.

Warden Nanette F. Barnes, Unit manager Perez, Unicor Foreman Scott, LT. Gillard, L. Jarrett, Health Service Administrator Warren, Medical Doctor Doctor O, Counselor Kaposta, Assistant Warden Melissa E Benton, Food Service Administrator Chandler, LT. Byrd.

   Defendants

C/A No.: 8:22-cv-00550-DCN-JDA

Amendment to Bivens complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure.

Comes Now, LEONARD BROWN, pro se and in Forma Pauperis amending his Bivens complaint as ordered by the court.

Claim #1: At all times since plaintiff's arrival Warden Barnes has been the warden at FCI Bennettsville. Upon Arriving Plaintiff noticed the high level of contraband at the prison. The BOP gives direct access to the warden at main line at Food Service and by using the electronic mailing system

claim #1:

Prisoners can email the warden directly. Plaintiff took advantage of both these resources to ask the warden to intervene and stop her staff from bringing contraband into this prison. She declined to acknowledge any problem. Due to no action on the warden's part Plaintiff attempted to file a grievance. Plaintiff at that point received retaliation from Unit manager LUGO, Case manager Crosland, and Counselor Teliss. They also refused to give me any grievance forms. After I received information from another inmate concerning staff and Cash App payments Plaintiff gave the information to Lt. Gurnes. At that point Lt. Gurnes told Plaintiff that Plaintiff's reputation for filing grievances proceeded him and he would not be allowed to interfere with the running of FCI Bennettsville. These staff members are not named in this complaint because the order to deny me access to legal redress, deny plaintiff access to Jobs and deny plaintiff access to programs a violation of the 1st amendment and the First Step Act comes from a direct order from Warden Nannette Barnes. Nannette Barnes retaliated against me for writing the President, Senators, congressmen and FBI as it pertains to corrupt officers in this prison in violation of my constitutional rights. (See exhibit 1 and 2)

Claim #2

    Warden N. Barnes and Unit manager Perez facilitated a so called "consensual" relationship between a

Claim #2:

Transgender inmate and a Homosexual Inmate. in violation of PREA. Unit manager Perez had a friendship with this inmate nicknamed Jabril, his muslim name. He was located in C-1 unit. In February he requested to be moved from the Unit to go to C-4 where a new transgender inmate with breasts lived. Unit manager Perez knowing that Jabril was in the muslim community executed the move. After word got out around the prison several muslim inmates went to warden Barnes and explained the situation requesting that Jabril be moved from that unit. After nothing was done 20 muslims went to C-4 and forcibly told Jabril to relocate to the SHU. It was confirmed by their neighbors that the two inmates were having sex. Unit manager Perez and warden Barnes knew they were having sex. There is no consensual sex in the BOP. All sex is rape. Someone should be charged.


Claim #3: Since 2020 Dec 20 I have experienced pain and suffering in violation of the 8th amendment constitutional law against cruel and unusual punishment. Plaintiff fell attemptly to get on the top Bunk in A-1 unit at FCI Bennettsville. This caused extreme pain in his left hip, left knee and left hand. His left hand was swollen and the palm was purple. Plaintiff was not seen by medical until 2/03/21 after filing a tort claim.

claim #3    At that time HSA Warren stated that the BOP would not be spending money on me for an MRI or a specialist. She said Plaintiff should learn to live with the Pain. She was indifferent to Plaintiff's Pain and Suffering. Plaintiff was seen by Doctor O only once for this issue. Dr. O told Plaintiff that the ball joint had popped out the socket of his hip and that the socket was too narrow for the ball to go back in resulting in the two bones scraping against each other. Plaintiff experiences level 7-10 Pain out of 10 as the highest whenever he stands too long or walks over 50 yards. Dr. O's treatment consists of telling Plaintiff to buy Tylenol at the commissary. Unfortunately for Plaintiff commissary is often out of stock for Tylenol.

IF Plaintiff were not incarcerated he would be able to seek treatment as a veteran from the V.A.. It is unconstitutional that Plaintiff has to suffer due to staff's negligence or indifference. (See Exhibit A 3)

claim #4: In violation of my Constitutional rights to free speech and legal redress A.W. Melissa E. Benton and Food Service Administrator Chandler conspired with Lt. Byrd to punish me for filing a complaint against them for serving spoiled and expired food. In August of 2020 Plaintiff took an unopened box lunch to Food Service during the lunch meal. He took the meal to Assistant Benton to show her that a package of Humus inside the box had burst open and the rancid contents had soiled all the other food contents as well as the box.

Claim #4

A.W. Benton called FSA Chandler to see the box. Chandler said the Hummus was Good. Plaintiff opened the box and showed Chandler and Benton that the hummus had a use by June 2020 date printed on the package. Chandler still claimed it was good. At that point I told both of them that this was the fourth time they have given us the box and the fourth time that I had made a complaint with no resolution. Informed them that I would be filing a complaint outside the prison directly to the office of the Inspector General. Benton at that point ordered me to go to the Bench. LT. Byrd told me A.W. Benton told him to make an example out of me because she didn't like the way I spoke to her. I was in full uniform in 100°F weather, sitting directly in the sun, without access to water and denied lunch. I sat out there for over 4 hours. I was dehydrated dizzy and suffered headaches. I was hungry and thirsty. This intimidation and torture was orchestrated to block my access to legal redress. I told Lt. Byrd of my afflictions and still was never seen by medical staff. (See exhibit 4)

Claim #5

In violation of the equal protection clause of the 14th amendment Counselor Kapusta is racist towards blacks. In her daily interactions with Inmates she regularly discriminates toward blacks. Counselors are responsible for jobs, cell changes and are the liaisons between inmates and other staff. She flatly refused to do any of these activities for blacks while at the same time aided and assisted white and Spanish inmates on a regular basis. All attempts to report her and seek accountability by black inmates at FCI Bennettsville were met with retaliation by other white staff members. She blatantly displays her disgust of blacks. (See exhibit 5)

## Claim # 6

In violation of Plaintiff's First amendment right to free speech and legal redress several Bennettsville staff retaliated against him.

On August 22 and August 23 the inmate population had to wait over 15 hours between the evening meals and breakfast meals in direct violation of the BOP policy. Petitioner asked officer L. Jarret to intervene on both days. She said it was not her Job. In fact it is her Job. I filed a grievance in response to Jarret's indifference. I informed her that I filed a complaint against her because if she was not playing dominoes with another officer during working hours she could handle BOP business. At that point in retaliation and out of fear of exposure for carrying on a romantic relationship at work with officer O'connor, she sent me to the Lieutenant's office. She falsified an incident report stating we had a verbal conflict over "masks". Nothing about our conversation concerned "masks". This was a blantant fabrication of the truth.

Upon entering the Lt's office I noticed at least 8 officers inside the room. Some Lt's and some regular officers. Lt. Gillard stated they heard about Plaintiff's proclivity of filing complaints against staff and that they were not going to tolerate it at FCI Bennettsville. He told me to never even speak to another staff member. I advised him that I was a veteran of the Gulf war and I had earned the right to free speech. I told him I would continue to talk to staff and file complaints if needed. He ordered the officers to lock me in the SHU. After I was cuffed He started yelling and screaming. After I told him that I would initiate a Hunger Strike for him violating

Brown page 7

Claim #6

My First amendment rights he charged at me yelling "You bucking". His momentum was so aggressive I had to turn my body to avoid being hit. I told I didn't want any physical trouble "I am a man of peace. I am non-violent" he scoffed at that. No other staff member intervened on my behalf nor did they report the incident. After I was placed in the SHU I was never allowed to review my property as mandated by the Code of Federal Regulations. Upon release I was taken outside of the SHU and uncuffed. I was handed a gree bag which was alleged to be my property and told to sign on receipt of property sheet. I was not allowed to review my property standing outside on the prison compound either. I was only able to review my property once I arrive in cell 204 in A-1 unit. At that point I noticed that my commissary food, postage stamps, batteries and several other items were missing. All told over $680 of personal property was missing. Upon further investigation I found out that officer L. Jarret and officer O'connor packed up my property with the help of inmate Jabril. In retaliation for plaintiff's legal redress they took his property. Plaintiff filed a tort claim and grievances. (See exhibit 6, 7, 8, 9)

Claim #7

In violation of my 1st amendment rights to free speech and my constitutional rights to legal redress Unicar Forema Scott has blocked my access to a Unicar Job.

Claim 8

In retaliation for filing on unicor staff's hiring policy Foreman Scott went against the mandated FPI hiring policy of hiring from a Unicor list as stated in the Code of Federal regulations. His current policy consists of letting inmates pick their friends and inmates who pay them for a position. Under the CFR Plaintiff should have been hired initially. Priority Status and veteran status. The only logical reason for plaintiff not working in Unicor is retaliation. (See Exhibit #10)

PLRA:

Plaintiff has notified staff at every level about these issues using electronic email system and the U.S. mail system. He has sent makeshift grievance forms to the Unit team, Warden Barnes, Southeast Regional Director and the Director of the Bureau of prisons.

Relief:

Claim #1

Plaintiff requests that the U.S. Attorney's office opens up a full criminal Investigation on corrupt staff and inmates at FCI Bennettsville. Plaintiff requests punitive damages of $1 million dollars be sent to shriner's children Hospital. Plaintiff requests the immedial removal of Warden Barnes and SIS Gurnes from their positions.

relief: claim #2

       Plaintiff requests a criminal investigation be initiated by the U.S. Attorney's office for conspiracy sexual Abuse. Plaintiff requests punitive damages of $1,000,000 be donated to Shriners children Hospital. The immediate removal of Warden Barnes and Unit manager Perez from their positions.

Claim #3

       Plaintiff requests treatment and surgery for his injured hip, knee and left hand.
       He requests immediate transfer to a Carelevel 2 prison.

Claim #4

       Plaintiff requests a criminal investigation against Benton, Chandler and Byrd for torture. The immediate removal of Benton, Chandler and Benton from their positions. A full audit of the food service department.

Claim #5

       The immediate removal of Kapusta from her position.

Claim #6

       The immediate removal of L. Jarret, Lt. Gillard, Officer O'Connor from their positions.
       Expugement of incident report #3538778 from plaintiffs central File. Damages of $680 that was taken by L. Jarret.
       Sanctions of staff located in the office when plaintiff was threated.

Relief:

Claim #7

Plaintiff request immediate hire A Unicor. He requests the immediate removal of the current Foreman Scott and willis from their positions. He requests the creation of Hiring lists. He requests an Audit of All new hires to show reasoning for their hires.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_Leonard Brown_                                    Ø5 APR 22

Leonard Brown
54312-019
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

Certificate of SERVICE

I, Leonard Brown, certify under penalty of perjury that on Ø5. APR 22 I placed a Legal mail First Class postage properly affixed the instant motion to:

United States District Court clerk
250 East North Street
room 2300
Greenville, SC 29601

_Leonard Brown_                                    Ø5 APR 22

Leonard Brown 54312-019
P.O. Box 52020
Bennettsville, SC 29512