**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| LEONARD BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WARDEN NANETTE F. BARNES, UNIT ) | No. 8:22-cv-00550-DCN-JDA |
| MANAGER PEREZ, UNICOR ) | |
| FOREMAN SCOTT, LT. GILLARD, ) | **ORDER** |
| L. JARRET, HEALTH SERVICE ) | |
| ADMINISTRATOR WARREN, ) | |
| MEDICAL DOCTOR O, COUNSELOR ) | |
| KAPUSTA, ASSISTANT WARDEN ) | |
| MELISSA E. BENTON, FOOD SERVICE ) | |
| ADMINISTRATOR CHANDLER, and ) | |
| LT. BYRD, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"), ECF No. 28, that the court deny plaintiff Leonard Brown's ("Brown") motion for a temporary restraining order and preliminary injunction ("TRO motion"), ECF No. 25, and dismiss all claims and defendants except for Claim 3 as asserted against defendants Health Administrator Warren ("Warren") and Doctor O ("Dr. O"). Also before the court are Brown's second motion for temporary restraining order, ECF No. 44, and third motion for temporary restraining order, ECF No. 47. For the reasons set forth below, the court adopts the R&R. Furthermore, the court denies Brown's second and third TRO motions.

1

## I. BACKGROUND

Brown is an inmate at the Bennettsville Federal Correctional Institution ("FCI Bennettsville") in Bennettsville, South Carolina. On February 22, 2022, Brown, proceeding pro se, commenced this action by filing a complaint against Warden Barnes. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Austin. Following an instruction from the magistrate judge to file a complaint in standard-court form, Brown filed a sixty-one-page supplemental complaint against thirty-three defendants. ECF No. 1-5. The magistrate judge determined that Brown's complaint remained subject to summary dismissal, ECF No. 15, and on April 8, 2022, Brown filed an amended complaint, ECF No. 20, Amend. Compl. The amended complaint, now the operative complaint, alleges eight claims against defendants[1] pursuant to Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Brown's claims in the amended complaint are diverse, and the court summarizes the background for each relevant claim in its discussion of the claims below.

On May 27, 2022, Brown filed his first TRO motion. ECF No. 25. On June 10, 2022, Magistrate Judge Austin issued the R&R, and in accordance with 28 U.S.C. § 1915A, recommended that the court summarily dismiss Claims 1, 2, 4, 5, 6, and 7 in the amended complaint. ECF No. 25, R&R. Additionally, the R&R recommended that the

---

[1] "Defendants" collectively refer to defendants Warden Nanette F. Barnes ("Barnes"), Unit Manager Perez ("Perez"), Unicor Foreman Scott ("Scott"), Lt. Gillard ("Gillard"), L. Jarret ("Jarret"), Warren, Dr. O, Counselor Kapusta ("Kapusta"), Assistant Warden Melissa E. Benton ("Benton"), Food Service Administrator Chandler ("Chandler"), Lt. Byrd ("Byrd"). Officer O'Conner ("O'Conner") is mentioned under Claim 6, Amend. Compl. at 7, but is not named in the caption of the amended complaint.

court deny Brown's TRO Motion. Id.  On June 16, 2022, Brown filed his one-page objections to the R&R.  ECF No. 35.  Defendants did not file a response.  On September 8, 2022, Brown filed his second TRO motion.  ECF No. 44.  Warren and Dr. O responded to the second TRO motion on September 22, 2022, ECF No. 45, and Brown replied in support of the motion on September 30, 2022, ECF No. 48.  On September 29, 2022, Brown filed his third TRO motion.  ECF No. 47.  Warren and Dr. O responded to the third TRO motion on October 13, 2022, ECF No. 50, and Brown replied on October 21, 2022, ECF No. 55.  The matters are ripe for the court's review.[2]

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made.  Id.  However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life &

---

[2] On October 14, 2022, Warren and Dr. O also filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 51. That motion remains pending before the magistrate judge and the court.

3

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings. Id.

### III.  DISCUSSION

The court first considers the matters that were before the magistrate judge. Before proceeding to consider the first TRO motion, the magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined that certain claims and defendants were subject to dismissal. Next, the magistrate judge determined that Brown failed to meet the standard for the issuance of a temporary restraining order or preliminary injunction and recommended that his TRO motion be denied. The court considers the R&R's findings in turn. Finally, the court reviews Brown's second and third TRO motions, finding that they do not require review by the magistrate judge. The court denies those motions as well.

#### A.  Summary Dismissal of Claims

The magistrate judge recommended that the court dismiss Claims 1, 2, 4, 5, 6, and 7 because they were frivolous and failed to state a claim under Bivens. R&R at 16–17. As a result of those dismissals, the magistrate judge further recommended that defendants

Barnes, Perez, Benton, Chandler, Byrd, Kapusta, Gillard, Jarret, O'Conner, and Scott be dismissed.  Per the R&R, only Claim 3 should survive summary dismissal, and Claim 3 is asserted against Warren and Dr. O.

In his objections, Brown only objects to the R&R's finding on Claim 6.  ECF No. 35 at 1.  In the absence of an objection to the recommendation for summary dismissal of the other claims, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond, 416 F.3d at 315 (internal quotations and citation omitted).  Upon review, the court finds no clear error in the magistrate judge's findings and dismisses Claims 1, 2, 4, 5, and 7.[3]  The court considers the remaining claims below.

1. **Claim 3**

Under Claim 3, Brown alleges that on or around December 20, 2020, he fell while attempting to get onto the top bunk of his cell and suffered extreme pain in his left hip, left knee, and left hand.  According to Brown, he was not seen by medical personnel until February 3, 2021.  Warren allegedly told Brown that the Bureau of Prisons ("BOP") was unwilling to spend money on an MRI or to pay for a specialist, and Brown should "learn to live with the pain."  Id. at 4.  Brown further alleges that Dr. O provided insufficient

---

[3] Claim 1 alleges that Barnes retaliated against Brown for filing grievances with the prison, the President of the United States, Senators, Congressmen, and Federal Bureau of Investigation.  Amend. Compl. at 2.  Claim 2 alleges that Barnes and Perez helped facilitate a sexual relationship between inmates in violation of the Prison Rape Elimination Act.  Id. at 3.  Claim 4 alleges that Benton, Chandler, and Byrd retaliated against Barnes for filing a grievance against them in violation of the First Amendment.  Id. at 4.  Claim 5 alleges that in carrying out her duties as prison counselor, Kapusta discriminated against Black inmates in violation of the Fourteenth Amendment.  Id. at 5.  Claim 7 alleges that Scott retaliated against Brown for filing a grievance by blocking his ability to obtain a prison job in violation of the First Amendment.  Id. at 8.

treatment. Brown claims that he continues to experience pain and suffering, and defendants' failure to respond violates the Eighth Amendment's prohibition against cruel and unusual punishment.

The magistrate judge recommended the court find that "[Brown]'s allegations as to Claim 3 are sufficient to survive initial review." R&R at 19 n.5. Defendants did not file objections to the R&R, and as such, the court adopts the R&R in this respect. Claim 3, which is asserted against Warren and Dr. O, will be permitted to proceed.

### 2. Claim 6

Under Claim 6, Brown alleges that he filed a grievance against Jarret for failing to intervene on days that the BOP failed to serve the inmates timely meals. In response, Jarret allegedly sent him to Gillard's office, and Gillard in turn placed him in a special housing unit in retaliation for filing complaints against staff. Brown further alleges that Jarret and Gillard later took his property, including his commissary food, postage stamps, batteries, and several other items. Brown asserts that Jarret and Gillard's actions were retaliatory and in violation of Brown's First Amendment rights.

The magistrate judge recommended that the court dismiss Claim 6 for failing to assert a Bivens claim. The R&R explained that Claim 6—and several other claims—asserted a violation of the First Amendment, and the Supreme Court has held that there is no Bivens remedy available for First Amendment retaliation claims. See R&R at 19 (citing Egbert v. Boule, 142 S. Ct. 1793, 1807 (2022)) (restating the Supreme Court's holding that "there is no Bivens action for First Amendment retaliation").

In his objections, Brown argues that he is filing "a tort claim" because Jarret and Gillard have not returned his property and have refused to pay Brown for the same. ECF

No. 35 at 1.  Brown further argues that he included this claim in his Bivens action because Jarret and Gillard "violated his constitutional rights" by "st[ealing] his property." Id.  Brown appears to be arguing that Claim 6 does not simply allege a First Amendment retaliation claim because Brown further alleges a loss of his personal property in violation of federal tort law.

Brown fails to acknowledge that the magistrate judge considered this exact argument.  After noting that there is no Bivens action for First Amendment retaliation, the magistrate explained that "[t]o the extent Plaintiff is also asserting a claim for the loss of his personal property in Claim 6, any such claim is also not cognizable."  R&R at 24. Claims alleging a loss of personal property are not actionable under Bivens.  See Nogales v. Criwell, 2019 WL 2619906, at *9 (D.S.C. Apr. 1, 2019), report and recommendation adopted, 2019 WL 2082491 (D.S.C. May 13, 2019), appeal dismissed, 2019 WL 7489150 (4th Cir. Oct. 7, 2019) (explaining that there can be no implied cause of action under Bivens for the detention of personal property because Congress explicitly legislated a private cause of action for such claims through the Federal Tort Claims Act ("FTCA")); Giordano v. United States, 2022 WL 4540961, at *6 (D.S.C. Aug. 12, 2022), report and recommendation adopted, 2022 WL 4540409 (D.S.C. Sept. 28, 2022) (finding that special factors counseled against recognizing a Bivens action for the deprivation of an inmate's personal property because the plaintiff had alternative remedies available to him, including an FTCA claim).

To be sure, Brown asserts for the first time in his objections that he is also seeking "$680 pursuant to the FTCA."  ECF No. 35 at 1.  But that proclamation—likely to intended to side-step the Bivens issue—is self-defeating for a separate reason.  The

FTCA provides a limited waiver of sovereign immunity for civil suits arising out of negligent acts of government officials. 28 U.S.C. § 1346(b). But in Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228 (2008), the United States Supreme Court held that pursuant to 28 U.S.C. § 2680(c), the waiver of sovereign immunity does not apply to claims arising from the detention of property by any law enforcement officer, including BOP employees. As such, to the extent Brown has properly alleged a claim for the detention of property under the FTCA, such a claim is also subject to summary dismissal for lack of jurisdiction. See West v. Fuseymore, 2008 WL 7663937, at *1 (E.D.N.C. Aug. 5, 2008) (dismissing the plaintiff's FTCA claim for lack of subject matter jurisdiction because of Ali's instruction that the exception to the sovereign immunity waiver applies "where the loss of property arose from the property's detention by BOP officers"). The court therefore overrules Brown's objection, adopts the R&R, and dismisses Brown's sixth claim in full.

### B. First TRO Motion

Next, the court turns to the magistrate judge's recommendation that the court deny Brown's first TRO motion.

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." United States v. South Carolina, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). A party seeking a preliminary injunction must demonstrate that: (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of hardships tips in its favor, and (4) the

injunction is in the public interest.  Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "To obtain a preliminary injunction under the Winter test, a movant must make a 'clear showing' of [the] four requirements."  Alkebulanyahh v. Nettles, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); see also Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) ("Winter thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted).  As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.

In his first TRO motion, Brown requested that the court issue a temporary restraining order or preliminary injunction "to stop [] Barnes and [the] staff from retaliating against him for exercising his constitutional right to legal redress."  ECF No. 25 at 1.  The magistrate judge determined that Brown failed to meet the standard for obtaining a preliminary injunction.  Specifically, the magistrate judge determined that Brown failed to show that he was likely to succeed on the merits of his claim for the same reason that the magistrate judge recommended dismissal of his Bivens claims for First Amendment retaliation.  Since each of Brown's claims in the TRO motion were premised on a cause of action for First Amendment retaliation, Brown was unlikely to succeed on the merits given that they were subject to dismissal.

Brown did not object to the magistrate judge's recommendation on the first TRO motion.  See generally ECF No. 35.  Instead, Brown filed a second TRO motion on September 8, 2022, ECF No. 44, and a third TRO motion on September 29, 2022, ECF

No. 47. To begin, then, the court formally adopts the R&R and denies Brown's first TRO motion. The court next turns to Brown's additional TRO motions, which the court finds ripe for resolution.

### C. Second TRO Motion

In his second TRO motion, Brown requests a temporary restraining order or preliminary injunction to help treat his "pain and suffering" from his injuries. Although Brown does not specify the nature of his injuries, the court presumes they are the same ones alleged in Claim 3 of the amended complaint. For example, Brown repeats the same allegation that he has not been provided pain medication that sufficiently manages his pain. ECF No. 44 at 1.

Although the magistrate judge found—and the court agreed—that Brown's claim for insufficient medical treatment in violation of the Eighth Amendment could survive summary dismissal, that does not mean Brown is likely to succeed on the merits of his claim. Notably, the second TRO motion acknowledges that Brown has been permitted access to Tylenol and 200 mg ibuprofen. ECF No. 44 at 1. Brown's complaint is that defendants refuse to either provide surgery, prescribe cortisone or 800 mg ibuprofen, or transfer him to a Care Level 2 prison. Id. at 2. Certainly, the Eighth Amendment prohibits prison officials from acting with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The law does not, however, guarantee an inmate any desired course of treatment as a constitutional right. In other words, "[a]n inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim." Jackson v.

Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)).

Here, by Brown's own admission, he is permitted access to pain medication to alleviate his pain. Furthermore, Warren and Dr. O's attached documentation in their response shows that Brown was indeed prescribed ibuprofen in an 800 mg tab on at least one occasion. See ECF No. 45-1 at 4 (showing an entry for "Ibuprofen 800 MG Tab" on September 14, 2022). The fact that Brown may disagree with his precise course of treatment does not entail finding that he is likely to succeed on the merits of his Eighth Amendment claim for cruel and unusual punishment. Therefore, the court denies Brown's second TRO motion.

### D.  Third TRO Motion

Finally, Brown filed a third TRO motion on September 29, 2022. ECF No. 47. The third TRO motion again claims that Barnes retaliated against him by restricting his access to the law library or otherwise obstructing Brown from access to legal redress. Id. at 1. For the reasons discussed before, the court has dismissed Brown's Bivens claim for First Amendment retaliation and his claims against Barnes. Accordingly, the court denies Brown's third TRO motion.

### IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the magistrate judge's R&R and **DISMISSES** Claims 1, 2, 4, 5, 6, and 7 of the amended complaint. Defendants Barnes, Perez, Benton, Chandler, Byrd, Kapusta, Gillard, Jarret, and Scott are **DISMISSED** from this action. Additionally, the court **DENIES** Brown's first motion for a temporary

restraining order, second motion for a temporary restraining order, and third motion for a temporary restraining order.

**AND IT IS SO ORDERED.**

                                    **DAVID C. NORTON**
                                  **UNITED STATES DISTRICT JUDGE**

**February 24, 2023**
**Charleston, South Carolina**