# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| LEONARD BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WARDEN NANETTE F. BARNES, UNIT ) | No. 8:22-cv-00550-DCN-JDA |
| MANAGER PEREZ, UNICOR ) | |
| FOREMAN SCOTT, LT. GILLARD, ) | **ORDER** |
| L. JARRET, HEALTH SERVICE ) | |
| ADMINISTRATOR WARREN, ) | |
| MEDICAL DOCTOR O, COUNSELOR ) | |
| KAPUSTA, ASSISTANT WARDEN ) | |
| MELISSA E. BENTON, FOOD SERVICE ) | |
| ADMINISTRATOR CHANDLER, and ) | |
| LT. BYRD, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"), ECF No. 63, that the court grant defendants Health Service Administrator Warren ("Warren") and Dr. Jude Onuoha's ("Dr. Onuoha")[1] (together, "defendants") motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 51. For the reasons set forth below, the court adopts the R&R and grants the motion.

---

[1] Although Brown refers to Dr. Onuoha as "Medical Doctor O" in the case caption and complaint, the court follows the magistrate judge's lead in referring to Dr. Onuoha by the name shown in the medical records attached by defendants. See generally ECF No. 51-2.

1

## I. BACKGROUND

Plaintiff Leonard Brown ("Brown") was, at all relevant times, an inmate at the Bennettsville Federal Correctional Institution ("FCI Bennettsville") in Bennettsville, South Carolina.[2] On February 22, 2022, Brown, proceeding pro se, commenced this action by filing a complaint against the warden of FCI Bennettsville. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Austin. Following an instruction from the magistrate judge to file a complaint in standard-court form, Brown filed a sixty-one-page supplemental complaint against thirty-three defendants. ECF No. 1-5. The magistrate judge determined that Brown's complaint remained subject to summary dismissal, ECF No. 15, and on April 8, 2022, Brown filed an amended complaint, ECF No. 20, Amend. Compl. The amended complaint, now the operative complaint, alleged eight claims against various defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On February 24, 2023, the court dismissed all but one of Brown's claims, as well as the defendants those claims were asserted against.[3] ECF No. 60. Only Claim 3 remains, which alleges that Health Service Administrator Warren and Dr. Onuoha provided insufficient medical treatment in violation of Brown's Eighth Amendment rights.

---

[2] Brown has since been transferred to FCI McKean. ECF No. 66.

[3] Specifically, the courts dismissed Claims 1, 2, 4, 5, 6, and 7 for failure to state a claim under Bivens. As a result, defendants Warden Nanette F. Barnes, Unit Manager Perez, Unicor Foreman Scott, Lt. Gillard, L. Jarret, Counselor Kapusta, Assistant Warden Melissa E. Benton, Food Service Administrator Chandler, and Lt. Byrd were dismissed from the case.

On October 14, 2022, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 51. Brown responded in opposition on October 31, 2022, ECF No. 56, and defendants replied on November 7, 2022, ECF No. 57. On March 2, 2023, Magistrate Judge Austin issued the R&R, recommending that the court grant the motion. ECF No. 63, R&R. On May 9, 2023, Brown filed his objections to the R&R. ECF No. 35. Defendants did not file a response. As such, the motion has been fully briefed and is ripe for the court's review.

## II.  STANDARD

### A.  R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's

findings." Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings. Id.

### B. Motion for Summary Judgment[4]

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a

---

[4] The magistrate judge applied the summary judgment standard. R&R at 6. Since the court previously denied defendant's motion to dismiss Claim 3, ECF No. 60, the court construes the motion in the same way.

genuine issue for trial." Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

### C. Pro Se Litigants

Brown is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

The magistrate judge issued the R&R on March 2, 2023.  ECF No. 63.  Brown filed his objections to the R&R on May 9, 2023.  ECF No. 70.  As a preliminary matter, Brown's objections were thus untimely.  See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").  The court could certainly determine that Brown "waived this court's review" of the R&R and dismiss the case on that basis.  Anderson v. Untied States, 2015 WL 1754530, at *2 (D.S.C. Apr. 17, 2015).  But the court agrees to review

the objections for Brown's benefit.  See id. (considering the plaintiff's objections despite finding that they were untimely); cf. Green v. Reynolds, 2016 WL 4162634, at *1 (D.S.C. Aug. 4, 2016) (favorably construing the petitioner's untimely objections as a motion to reconsider).

Even after reviewing the objections, the court finds that Brown's claim lacks merit.  Claim 3 in the amended complaint alleges that on or around December 20, 2020, Brown fell while attempting to get onto the top bunk of his cell and suffered extreme pain in his left hip, left knee, and left hand.  Amend. Compl. at 3.  Brown alleges in the amended complaint that he was not seen by medical personnel until February 3, 2021.  Id. Warren allegedly told Brown that the Bureau of Prisons ("BOP") was unwilling to spend money on an MRI or to pay for a specialist and that Brown should "learn to live with the pain."  Id. at 4.  Brown further alleges that Dr. Onuoha was the only medical worker who saw him, and during the single appointment, Dr. Onuoha merely instructed Brown to buy Tylenol for treatment.  Id.  Brown claims that he continues to experience pain and suffering, and defendants' deliberate indifference to his serious medical needs violated the Eighth Amendment's prohibition against cruel and unusual punishment.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail on an Eighth Amendment claim, a prisoner must prove: "(1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind.  Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted).  Although treatment must adequately address a prisoner's serious medical

needs, "a prisoner does not enjoy a constitutional right to the treatment of his or her choice."  De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013).

The magistrate judge reviewed Claim 3 and recommended the court find that "[Brown] received the requisite level of care and treatment and [] ha[d] not forecasted evidence that any [d]efendant exhibited deliberate indifference to his medical condition." R&R at 8.  To reach this finding, the magistrate judge carefully reviewed the medical-treatment records submitted by defendants.  In brief, the medical records revealed that FCI Bennettsville's health services first learned of Brown's complaints about pain on January 4, 2021, when Brown made a "sick call" claiming he had fallen ten days prior. R&R at 10 (citing ECF No. 51-2 at 81).  X-rays were conducted on February 1, 2021, and showed no acute fracture, dislocation, misalignment, or any other problems with Brown's left hand and an old fracture of the right hand which had healed.  Id. (citing ECF No. 51-2 at 79).  On the same day as the x-ray, Brown was seen by Dr. Onuoha, and during the visit, Brown indicated that he was experiencing pain and swelling in his right hand.  ECF No. 51-2 at 33.  Despite noting that Brown had healed fracture sites in his right hand, Dr. Onuoha agreed to prescribe Brown with Acetaminophen 650 mg to be taken orally four times a day for up to seven days.  Id. at 34, 79,

For more than a year, Brown continued to complain about pain in various parts of his body.  In addition to some routine visits, Brown was seen by a health services worker shortly after each complaint.  For example, on February 4, 2021, Brown was seen by a nurse practitioner when Brown stated that he was experiencing pain in his left hand, rather than his right hand.  R&R at 10 (citing ECF No. 51-2 at 30–31).  A physical examination of the hand showed no swelling, inflammation, erythema, crepitus, clicking,

or popping, but the nurse instructed Brown to continue his medication. Other visits occurred on March 9, July 23, August 13, September 10, September 17, and October 29, 2021, during which Brown also began complaining of pain in his knee and hip. Id. at 11–12. An x-ray was performed, which prompted a nurse to order an MRI. Id. On December 3, 2021, Dr. Onuoha saw Brown and noted that he could "get up and go with normal stance and gait." ECF No. 51-2 at 2. An MRI was performed on December 28, 2021, which revealed that Brown's spine "was normal with no compression deformity of spondylolisthesis, except for a 6 mm central protrusion with mild bilateral neural foraminal narrowing at L4-L5 and L5-S1." R&R at 13 (citing ECF No. 51-3 at 54–55). The MRI of his left hip showed "no obvious acute abnormalities, mild osteophytic changes at the femoral head, and no significant joint effusion." Id. (citing ECF No. 51-3 at 57). At a visit on January 7, 2022, Dr. Onuoha set a plan for Brown to start the Chronic Care Clinic and prescribed him a back brace. Id. (citing ECF No. 51-3 at 17).

Following the December 2021 MRI, Brown did not complain of any pain traceable to the December 2020 fall until September 2, 2022, when he complained of left hip pain. Id. at 14 (citing ECF No. 51-3 at 51). Brown was seen by Dr. Onuoha on September 9, 2022, and during the visit, Dr. Onuoha noted arthritis, hip pain, and low back pain with no gait abnormality. ECF No. 51-3 at 1. Dr. Onuoha prescribed Brown with ibuprofen 800 mg, to be taken up to three times per day as needed for seven days. Id. at 3.

Brown does not provide any evidence that contradicts the information provided in the medical reports, nor does he forecast any evidence that would contradict the records. Instead, in his two-page objections, Brown argues that defendants are "falsify[ing] a

medical file of an inmate to avoid a lawsuit." ECF No. 70 at 1.  Specifically, Brown claims that (1) the medical records attached by defendants "have been tampered with," (2) there is "[i]nformation left out and blatant falsifying of information," and (3) "visits that never happened are [] in the record."  Id.  He claims the court should choose to believe such manipulation took place because of the "corruption" at FCI Bennettsville.  Id.  But Brown provides no support for his assertions.  Even on a de novo review, the court finds, as the magistrate judge did, that "the record demonstrates that [Brown] had consistent and frequent access to medical care."  R&R at 14.  Brown's assertion that the records were fabricated is unsubstantiated such that no reasonable juror could reach that conclusion.

To the extent Brown is also arguing that if the records are determined to be accurate, he has nevertheless been "unable to receive treatment for his pain and suffering" because "OTC drugs are of no assistance at this point," the court overrules the objection.  ECF No. 70 at 1.  As best as the court can tell, Brown believes he should have been provided surgery.  ECF No. 56 at 4 ("[P]laintiff prays that this Honorable Court allow this lawsuit to continue in order for Plaintiff to receive medical treatment[—] specifically surgery.").  But again, "[a]n inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim."  Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)).  The fact that Brown disagrees with his course of treatment does not entail finding an Eighth Amendment violation, particularly given that Brown's medical tests were thoroughly documented, and they did not lead Dr. Onuoha to conclude that surgical intervention was needed.  Ultimately, the court finds

that based on the treatment provided, defendants did not disregard Brown's serious medical need. Accordingly, the court overrules Brown's objections to the R&R.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the magistrate judge's R&R and **GRANTS** the motion for summary judgment.

**AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**August 1, 2023**
**Charleston, South Carolina**